Mr. Justice Clayton
delivered-the opinion of the court.
The questions in this case grow out of certain exceptions taken by the plaintiff in error, in the settlement of his account as administrator of his father, James Satterwhite, deceased, in the probate court of Panola.
The first is, to the refusal to allow the administrator $150 for expenses in travelling to and from Georgia, in order to collect debts there due to the estate. In point of fact, the court allowed $112.50 for this purpose, so that the objection only extends to the residue. There was proof as to the usual amount of expenses in travelling to and from that part of Georgia, and the court decided according to the proof. We are not disposed to disturb the order upon the proof; and as the defendants in error have filed no exception to the allowance as made, we shall not interfere with it in their behalf. We may be permitted to say, however, lest the case should be drawn into a precedent, that the entire charge is of very doubtful propriety. An administrator, as such, and by virtue of the law of this state, has no power to collect assets in another state. They are subject to the jurisdiction of the courts of that state in which they are situated. On this point, the supreme court of the United States said: “Every grant of administration is strictly confined, in its authority and operation, to the limits of the territory of the •government which grants it, and does not, de jure, extend to other countries. It cannot confer, as a matter of right, any authority to collect assets of the deceased in any other state; and whatever operation is allowed to it, beyond the original ter *305 ritory of the grant, is a mere matter of courtesy.” Vaughn v. Moody's Adm'r, 15 Peters, 1. But if the administrator in this state really collect assets in another state, bring them here, and subject them voluntarily to the order of the court of probates in this state, they must be governed by the same rules with the assets in this state. If he claim any other compensation or reimbursement for expenses than that which the statute prescribes, it can only be sustained on the ground of some agreement with the distributees. Otherwise, he might get indirectly far more than the seven per cent, as commissions, or for charges which • the law seems sedulously to guard as the utmost limit of charge against the estate.
Unless there be some law or usage in Georgia, by courtesy, ■ giving the power of collection to foreign administrators, there must by law have been a new ancillary administration there; and after the settlement of the assets there, according to the laws of that state, and after deducting the costs of administration there, the balance would be payable to the principal administrator here, for distribution according to the laws of this state. Garland, Ex’r, v. Rowan, 2 S. & M. 636.
The course pursued in this instance secured the end in a more direct way, but the probate court had no jurisdiction of the assets till they were brought into this state, and consequently no right to allow for expenses*not authorized by law, incurred beyond the limits of the state. But, as before stated, we shall not interfere with the charge allowed, because the defendants in error do not complain of it.
The next exception is to the refusal to allow $75, paid by the administrator to an attorney for advice and counsel in regard to the administration.
By the English law, executors and administrators are not entitled to compensation for their services, trouble, or loss of time, in the performance of their duties; but they are allowed all reasonable expenses incurred in the conduct of their office. 2 Wm’s Ex’rs, 1314. By our statute, a compensation, if not less than one, nor more than seven, per cent, on the whole amount of assets administered, is secured to them. Pamphlet *306 Acts, 1844, p. 121. This allowance, left discretionary with the court of probates, between the extremes indicated, is intended to cover all their compensation. Within this limit it may be made to vary according to circumstances. Out of it they must pay their own expenses, and fees of counsel for advice touching their duty in the conduct and management of the estate. But if there should be suits, for or against the estate, which make it necessary to employ counsel, those fees must be paid'by the estate. But when counsel are employed to give advice as to the correct course of duty of the executor or administrator, the fees must be paid by him individually, out of his own compensation. If he have not the requisite knowledge to discharge the duties of the office he undertakes, he must pay for its acquisition himself. His commissions are intended to cover all the charges which he is authorized to make against the estate in the course of administration. In this instance, fifty dollars were allowed for the payment of counsel fees; the distributees do not complain of this, and we shall let it stand unchanged.
The next exception is, as to a charge of interest upon a certain sum of money in the hands of the administrator, from the 18th December, 1848, up to the final settlement. The administration was granted in June, 1846, the money was received in December, 1846, and it thus appears that interest was not charged until more than twelve months after grant of administration, and after the money was in his hands. After twelve months from the grant of'administration, the amount was liable to distribution. Hutch. Code, 665. It is not possible, perhaps, to lay down any general rule as to. instances in which interest should or should not be charged. But if, after twelve months, when distribution may be lawfully made, the administrator permits money to lie on hand without any good reason, or if he uses the money himself, he will be liable for interest. He must himself show the necessity or reason for keeping it. Chilton, Prob. Court, 347, 360; Jones v. Ward, 10 Yerg. 163.
Another objection taken to the decree is, that #ie court, after making an order of reference of the account to the clerk, after-wards proceeded to make a final decree without a report from the clerk.
*307 The probate court is not bound by the notes of proceeding and practice in the chancery court. A reference is only made to satisfy the mind of the court; if the judge becomes satisfied without the report of the clerk, there is no reason why he should not act upon his own convictions. If the decree be right and correct, there is no reason to reverse it only because it was made without the report. We have seen no reason to doubt its correctness.
A remaining exception is to the amount of commissions, three per cent., allowed the administrator. By the statute, Hutch. Dig. 673, it is left to the probate court to fix the amount of commissions between the limi^ indicated; that is, between one and ten per cent. It is so much a matter of discretion, that we should not be disposed to interfere with its exercise, unless where there has been a manifest abuse. This is not a case of that kind.
The decree is affirmed.